UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-61651-CIV-GAYLES
(14-60313-CR-GAYLES)
MAGISTRATE JUDGE PATRICK A. WHITE

EDWIN SYLVAIN,

    Movant,

v.                                 REPORT OF
                             MAGISTRATE JUDGE

UNITED STATES OF AMERICA,

    Respondent.

_____/

## I. Introduction

The Movant has filed this motion to vacate with supporting memorandum, pursuant to 28 U.S.C. §2255, challenging his enhanced sentence under 18 U.S.C. § 924(c), entered following a guilty plea in case no. 14-60313-CR-GAYLES. He seeks relief in light of the Supreme Court's decision in Johnson v. United States,[1] 135 S.Ct. 2551 (2015), made retroactively applicable to cases on collateral review by Welch v. United States, 136 S.Ct. 1257 (2016).

This Cause was referred to the Undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges, S.D. Fla. Admin. Order 2003-19; and, Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

---

[1] In Johnson, the Supreme Court held that the Armed Career Criminal Act's (ACCA) residual clause was unconstitutionally vague, and that imposing an enhanced sentence pursuant to that clause thus violates the Constitution's guarantee of due process. In Welch v. United States, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that Johnson announced a substantive rule that applied retroactively on collateral review.

The Court has reviewed the Movant's motion and memorandum in support thereof (Cv-DE#1), the Government's response (Cv-DE#7) thereto, the Movant's traverse (Cv-DE#8), together with the Presentence Investigation Report ("PSI"), Statement of Reasons ("SOR"), and all pertinent portions of the underlying criminal file under attack here.[2]

## II.  Claim

The Movant argues that conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence after Johnson, and therefore, he is innocent of the 18 U.S.C. §924(c) conviction, because it was not predicated on a "crime of violence" under either the residual or the elements clause of §924(c).

## III.  Procedural History

On December 11, 2014, the Movant and codefendant Akeem Young, were charged in a fifteen count Indictment with numerous counts of Hobbs Act Robbery, with one count kidnaping, one count carjacking, and multiple counts of brandishing a firearm in furtherance of a crime of violence. (Cr-DE#12). Movant pled guilty pursuant to a plea agreement to counts 1, 2, 4, 5, 6, 8, 9, 10, 12, and 14. (Cr-DE##61, 62). Only count 5 charged Movant with Hobbs Act robbery as the underlying crime of violence. (Cr-DE#12). The Government agreed to seek dismissal on counts 3, 7, 11, 13, and 15. (Cr-DE#62). The parties agreed that Movant qualified as a career offender pursuant to §4B1.1. (Cr-DE#62). They further agreed to a recommended sentence of 34 years imprisonment. (Cr-DE#62). In addition, Movant

---

[2] The undersigned takes judicial notice of its own records as contained on CM/ECF in those proceedings. See Fed.R.Evid. 201.

waived his right to appeal his sentence. (Cr-DE#62). Movant did not make any arguments regarding the constitutionality of §924(c)(3) or whether Hobbs Act robbery or conspiracy to commit Hobbs Act robbery qualified as "crimes of violence" pursuant to §924(c)(3)(A) or (B).

The stipulated factual proffer in support of the plea agreement provided that on the evening of November 30, 2014, law enforcement observed Movant enter a silver Chevy Impala which was driven by Movant's codefendant. (Cr-DE#63:1). Law enforcement followed the vehicle to a Pizza Hut in Davie Road in Fort Lauderdale. (Cr-DE#63:1). Law enforcement noticed the Movant and codefendant waiting outside the business with the vehicle lights off for approximately half an hour. (Cr-DE#63:1). It appeared that they were casing the establishment to commit a robbery. (Cr-DE#63:1). The Movant and his codefendant then drove to a nearby Papa Johns Pizza located at 20312 N.W. 2nd Avenue in Miami Gardens. (Cr-DE#63:1). They again turned the lights off. (Cr-DE#63:1). Law enforcement observed the two, both with hoodies up, run in a crouched position from the Papa Johns Pizza back to the silver Impala. (Cr-DE#63:1). Thereafter, Movant and his codefendant drove to another Pizza Hut located at 19960 N.W. 2nd Avenue in Miami Gardens. (Cr-DE#63:1-2). Law enforcement observed them park their car, again turn all their lights off, exit the vehicle and case the Pizza Hut. (Cr-DE#63:2). One of them attempted to open the employee entrance door to Pizza Hut, but the door was locked and they were not able to enter. (Cr-DE#63:2).

At approximately 12:49 a.m. on December 1, 2014, Movant and his codefendant attempted to rob the Pizza Hut located at 19960 N.W. 2nd Avenue in Miami Gardens. (Cr-DE#63:2). Movant and his codefendant gained access to the establishment by following an

employee who went outside to take the trash to the dumpster. (Cr-DE#63:2). They entered the Pizza Hut with guns drawn, Movant was armed with a handgun and his codefendant was armed with an AR-15 assault rifle. (Cr-DE#63:2). After unsuccessfully attempting to take money from the cash register drawers, the two of them directed the manager of the store to open the safe. (Cr-DE#63:2). The manager complied with their demands. (Cr-DE#63:2). Movant subsequently discharged his firearm and then they fled the scene in the Chevy Impala, after hearing police sirens. (Cr-DE#63:2). Law enforcement began chasing the Impala. (Cr-DE#63:2). During the chase, various items were discarded from the vehicle and at some point, Movant jumped out of the moving vehicle and started running until he was apprehended by law enforcement. (Cr-DE#63:2). Movant's codefendant kept fleeing in the vehicle until he crashed and disabled it and was also apprehended by law enforcement. (Cr-DE#63:2). Law enforcement recovered an AR-15 assault rifle from the backseat of the Impala, and a revolver from the floorboard of the front passenger seat where the Movant was seated.(Cr-DE#63:2-3). The Movant and his codefendant were advised of their Miranda[3] rights and both of them agreed to speak to law enforcement. (Cr-DE#63:3). They both confessed they attempted to commit the robbery at the Pizza Hut in Miami Gardens as well as another robbery at the Davie Food Market in Broward County on November 29, 2014. (Cr-DE#63:3).

In addition, the Movant further admitted to brandishing a firearm and committing robberies at the following locations: Adult Video Outlet in Fort Lauderdale, on September 26, 2014; GameStop in Plantation, on October 7, 2014; Kwik Stop Food Store in Hollywood, on October 26, 2014; and Hollywood Market in Hollywood, on November

---

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

16, 2014. (Cr-DE#63:3-5). All these businesses operate in and affect interstate commerce and the actions of Movant and his codefendant obstructed, delayed, and affected interstate commerce. (Cr-DE#63:5).

Prior to sentencing, a PSI was prepared which calculated the Movant's combined offense level as follows.

For counts 1 and 2 (Davie Food Market), the PSI set the Movant's base offense level at 20, pursuant to U.S.S.G. §2B3.1, because the offense involved a violation of 18 U.S.C. §1951(a). (PSI ¶40). Because the Movant brandished or possessed a firearm, the offense level was increased by 5 levels pursuant to §3B3.1(b)(2)(C). (PSI ¶41). Next, the base offense level was increased by 2 levels pursuant to §2 B3.1(b)(3)(A) because a victim sustained bodily injury. (PSI ¶42). Thus, the adjusted offense level was 27. (PSI ¶46).

For counts a and 4 (Pizza Hut), the PSI set the Movant's base offense level at 20, pursuant to U.S.S.G. §2B3.1, because the offense involved a violation of 18 U.S.C. §1951(a). (PSI ¶47). No enhancement or adjustments were made, therefore, the adjusted offense level was 20. (PSI ¶52).

For counts 1 and 6 (Adult Video Outlet), the PSI set the Movant's base offense level at 20, pursuant to U.S.S.G. §2B3.1, because the offense involved a violation of 18 U.S.C. §1951(a). (PSI ¶53). Because the Movant brandished or possessed a firearm, the offense level was increased by 5 levels pursuant to §3B3.1(b)(2)(C). (PSI ¶54). The adjusted offense level was 25. (PSI ¶58).

For counts 1 and 8 (GameStop), the base offense level was set at 20, pursuant to U.S.S.G. §2B3.1, because the offense involved a violation of 18 U.S.C. §1951(a). (PSI ¶59). Because the Movant brandished or possessed a firearm, the offense level was increased by 5 levels pursuant to §3B3.1(b)(2)(C). (PSI ¶60). Next, the base offense level was increased by 2 levels pursuant to §2 B3.1(b)(3)(A), because a victim sustained bodily injury. (PSI ¶61). Thus, the adjusted offense level was 27. (PSI ¶65).

For counts 9 and 10 (kidnaping and carjacking), the PSI set Movant's base offense level at 32 pursuant to §2A4.1, because the offense involved a violation of 18 U.S.C. §1201(a). (PSI ¶66). The offense level was increased by 2 levels pursuant to §2A4.1(b)(3), because a dangerous weapon was used. (PSI ¶67).  The adjusted offense level was 34. (PSI ¶71).

For counts 1 and 12 (Kwik Stop), the PSI set Movant's offense level at 20, pursuant to U.S.S.G. §2B3.1, because the offense involved a violation of 18 U.S.C. §1951(a). (PSI ¶72). Because the Movant brandished or possessed a firearm, the offense level was increased by 5 levels pursuant to §3B3.1(b)(2)(C). (PSI ¶73). Next, the base offense level was increased by 4 levels pursuant to §2 B3.1(b)(3)(A) because a victim sustained serious bodily injury. (PSI ¶74). The base offense level was further increased by one level because a firearm was stolen. (PSI ¶75). Thus, the adjusted offense level was 30. (PSI ¶79).

For count 1 and 14 (Hollywood Market), the PSI set Movant's offense level at 20, pursuant to U.S.S.G. §2B3.1, because the offense involved a violation of 18 U.S.C. §1951(a). (PSI ¶80). Because the Movant brandished or possessed a firearm, the offense level was increased by 5 levels pursuant to §3B3.1(b)(2)(C). (PSI

¶81). Next, the base offense level was increased by 4 levels pursuant to §2 B3.1(b)(3)(A) because a victim sustained serious bodily injury. (PSI ¶82). The adjusted offense level was 29. (PSI ¶82). After providing multiple count adjustments, the combined adjusted offense level was set at 38. (PSI ¶¶87-90). A 3-level reduction to the base offense level was given based on Movant's timely acceptance of responsibility, resulting in a total adjusted offense level of 35. (PSI ¶¶92-94).

Next, the PSI reflected that the Movant had a total of 3 criminal history points, resulting in a criminal history category II. (PSI ¶104). Based on a total offense level of 35 and a criminal history category II, the Movant's advisory guideline range was 188 months imprisonment at the low end and 235 months imprisonment at the high end, in addition to a consecutive term of 120 months imprisonment as to count 5, the §924(c) violation. (PSI ¶134). Statutorily, as to count 1, 2, 4, 6, 12, and 14, the Movant faced a term of zero to 20 years imprisonment for violation of 18 U.S.C. §1951(a). (PSI ¶133). Count 5 carried a term of at least 10 years imprisonment, to run consecutively to any other term of imprisonment, for violation of §924(c). Count 9 carried a term of any number of years or life imprisonment for violation of §1201(a)(1). (PSI ¶133). Count 10 carried a term of imprisonment from zero to 15 years for violation of §2119(1).

The Movant did not raise any arguments as to the constitutionality of §924(c) or whether Hobbs Act robbery, kidnaping or carjacking qualify as crimes of violence under §924(c) (3)(A) or (B). The Movant was sentenced to a total term of 408 months imprisonment, consisting of 288 months as to counts 1, 2, 4, 6, 8, 9, 10, 12, and 14, to run concurrently with each other, and of 120 month as to count 5, to run consecutively to the term

imposed in counts 1, 2, 4, 6, 8, 9, 10, 12, and 14. (Cr-DE##83; 95). The Movant did not appeal, but on June 23, 2016,[4] he filed the instant motion to vacate pursuant to §2255, which the government concedes was timely filed, because it was submitted less than a year after Johnson was decided. (Cv-DE##1;7). The undersigned has appointed counsel to represent Movant in these proceedings. (Cv-DE#5). On September 2, 2016, the government filed a response to this Court's order to show cause and on September 13, 2016, counsel for the Movant filed a traverse to the government's response. (Cv-DE#8).

## IV.  Procedural Default

As a general matter, a criminal defendant must assert an available challenge to a conviction or sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding. Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989). It is well-settled that a habeas petitioner can avoid the application of the procedural default rule by establishing objective cause for failing to properly raise the claim and actual prejudice resulting from the alleged constitutional violation. Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) (citations omitted); Spencer v. Sec'y, Dep't of Corr., 609 F.3d 1170, 1179-80 (11th Cir. 2010); Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

---

[4] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App.P. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). Cause for not raising a claim can be shown when a claim "is so novel that its legal basis was not reasonably available to counsel." Bousley v. United States, 523 U.S. 614, 622 (1998); see also Reed v. Ross, 468 U.S. 1, 16 (1984).

Further, a meritorious claim of ineffective assistance of counsel can constitute cause. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000). Ineffective assistance of counsel claims, however, are generally not cognizable on direct appeal and are properly raised by a §2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); see also United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010). To show prejudice, a petitioner must show actual prejudice resulting from the alleged constitutional violation. United States v. Frady, 456 U.S. 152, 168, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); Wainwright v. Sykes, 433 U.S. 72, 84, 97 S. Ct. 2497, 2505, 53 L. Ed. 2d 594 (1977).

If a petitioner is unable to show cause and prejudice, another avenue may exist for obtaining review of the merits of a procedurally defaulted claim. Under exceptional circumstances, a prisoner may obtain federal habeas review of a procedurally defaulted claim if such review is necessary to correct a fundamental miscarriage of justice, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 495-96; see also Herrera v. Collins, 506 U.S. 390, 404, 113 S. Ct. 853, 862, 122 L. Ed. 2d 203 (1993); Kuhlmann v. Wilson, 477 U.S. 436, 106 S. Ct. 2616, 91

L. Ed. 2d 364 (1986). The actual innocence exception is "exceedingly narrow in scope" and requires proof of actual innocence, not just legal innocence. Id. at 496; see also Bousley, 523 U.S. at 623 ("'actual innocence' means factual innocence, not mere legal insufficiency"); Sawyer v. Whitley, 505 U.S. 333, 339 (1992)("the miscarriage of justice exception is concerned with actual as compared to legal innocence").

Where the Supreme Court explicitly overrules well-settled precedent and gives retroactive application to that new rule after a litigant's direct appeal, "[b]y definition" a claim based on that new rule cannot be said to have been reasonably available to counsel at the time of the direct appeal. Reed v. Ross, 468 U.S. 1, 17 (1984). In other words, the Supreme Court has found cause to excuse the procedural default in situations where a claim is not "reasonably available to counsel" at the time of appeal because of the Supreme Court's subsequent articulation of a previously unrecognized constitutional principle that is held to have retroactive application. See Reed, 468 U.S. at 16. The Supreme Court in Johnson overruled precedent, announced a new rule, and then gave retroactive application to that new rule. Thus, Johnson constitutes a new rule unavailable to defendants convicted before it was handed down by the Supreme Court on June 26, 2015.

Here, the government argues that the Movant's claim is procedurally barred because the Movant did not raise any claims challenging his conviction or sentence on grounds that implied that Hobbs Act robbery, carjacking or kidnaping did not qualify as "crimes of violence" under 18 U.S.C. §924(c), or that the residual clause of §924(c) was unconstitutionally vague. In addition, the government argues that the Movant cannot overcome the procedural bar because he cannot establish either of the two exceptions to the

procedural default rule as he cannot establish cause and actual prejudice.

Where the merits of the claims may be reached and readily disposed of, judicial economy has dictated reaching the merits of the claim while acknowledging the procedural default and bar in the alternative. See Lambrix v. Singletary, 520 U.S. 518 (1997). See also Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999)(stating that judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner and the procedural bar issues are complicated), cert. denied, 528 U.S. 846 (1999); Chambers v. Bowersox, 157 F.3d 560, 564 n. 4 (8th Cir. 1998)(stating that "[t]he simplest way to decide a case is often the best").

## V.   General Legal Principles

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to §2255 are extremely limited. A prisoner is entitled to relief under §2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. §2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. §2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004)(citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496

11

(1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent ....."

Post-conviction relief is available to a federal prisoner under §2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law." 28 U.S.C. §2255(a); see Hill v. United States, 368 U.S. 424, 426-27 (1962). A sentence is "otherwise subject to collateral attack" if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. at 428.

## Applicable Law re 18 U.S.C. §924(c)

Title 18 U.S.C. § 924(c)(1)(A) provides for enhanced statutory penalties in cases where, among other things, the defendant uses or carries a firearm during and in relation to any "crime of violence or drug trafficking crime." The statute further defines "crime of violence" as any felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §924(c)(3)(A)-(B). Under §924(c), subsection (A) is known as the "use-of-force" or "elements" clause; and, subsection (B) is frequently referred to as the "residual clause." <u>See, e.g.</u>, <u>In re Sams</u>, 830 F.3d 1234, 1237 (11th Cir. 2016); <u>In re Gordon</u>, 827 F.3d 1289, 1293 (11th Cir. 2016). As such, §924(c)(3) contains a "residual clause," very similar to the residual clause declared unconstitutionally vague in <u>Johnson</u>.[5] However, unlike the ACCA, which requires a 15-year mandatory minimum sentence for a defendant convicted of being a felon in possession of a firearm who also has three previous convictions for a "violent felony" or "serious drug offense", §924(c) imposes a 5-year mandatory consecutive sentence for any defendant who uses a firearm during a "crime of violence" or "drug trafficking crime." 18 U.S.C. §924(c)(1)(A)(i).

In <u>Johnson</u>, the Supreme Court struck down a portion of the Armed Career Criminal Act's definition of "violent felony," finding part of 18 U.S.C. §924(e)(2)(B)(ii), the so-called "residual clause," to be void for vagueness. <u>See</u> <u>Johnson</u>, 135 S.Ct. at 2557-2560. In so ruling, the Supreme Court found the phrase "physical force" in paragraph (i) "means *violent* force--that is, force capable of causing physical pain or injury to another person." <u>Johnson v. United States</u>, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271, 176 L. Ed. 2d 1 (2010) ("<u>Johnson I</u>"); <u>see also</u> 18 U.S.C. §924(e)(2)(B)(ii). The Supreme Court in <u>Johnson</u> limited its holding to the ACCA's residual clause, holding that it "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." <u>Johnson</u>, 135 S.Ct. at 2563.

---

[5] The ACCA's residual clause that was held to be unconstitutionally vague in <u>Johnson</u> defines "violent felony" as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

As the Supreme Court noted, the term "violent felony" has been defined as "a crime characterized by extreme physical force, such as murder, forcible rape, and assault and battery with a deadly weapon, [and] calls to mind a tradition of crimes that involve the possibility of more closely related, active violence." Id. (internal quotations and citations omitted); see also Leocal v. Ashcroft, 543 U.S. 1, 11, 125 S. Ct. 377, 383, 160 L. Ed. 2d 271 (2004) (stating that the statutory definition of "crime of violence," in 18 U.S.C. §16, is similar to §924(e)(2)(B)(i) because it includes any felony offense which has as an element the use of physical force against the person of another, and as such, "suggests a category of violent, active crimes...").

In addition, the Supreme Court has stated that the term "use" in the similarly-worded elements clause in 18 U.S.C. §16(a) requires "active employment;" and the phrase "use...of physical force" in a crime of violence definition "most naturally suggests a higher degree of intent than negligent or merely accidental conduct." Leocal, 543 U.S. at 9-10; see also United States v. Palomino Garcia, 606 F.3d 1317, 1334-1336 (11th Cir. 2010) (because "aggravated assault" need not be committed intentionally, and could be committed recklessly, it did not "have as an element the use of physical force;" citing Leocal).

While the meaning of "physical force" is a question of federal law, federal courts are bound by state courts' interpretation of state law, including their determinations of the (statutory) elements of state crimes. Johnson I, 599 U.S. at 138. Further, a federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts, absent some persuasive indication that the state's highest court would decide the issue otherwise. See Silverberg v. Paine, Webber, Jackson & Curtis, Inc.,

710 F.2d 678, 690 (11th Cir.1983).

To determine whether a prior conviction is for a "violent felony" under the ACCA (and thus whether a conviction qualifies as a "crime of violence" for purposes of §924(c), assuming <u>Johnson</u> extends to § 924(c)), courts use, what has become known as, the "categorical approach." <u>Descamps v. United States</u>, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013); <u>see also</u> <u>United States v. Estrella</u>, 758 F.3d 1239 (11th Cir. 2014). To determine if an offense "categorically" qualifies as a "crime of violence" under the "elements" or "use-of-force" clause in §924(c)(3)(A) then, the court would have to determine if attempted Hobbs Act robbery has an element of "force capable of causing physical pain or injury to another person," as contemplated by <u>Johnson I</u> and its progeny. <u>See</u> <u>Johnson</u>, 559 U.S. at 140; <u>Leocal</u>, 543 U.S. at 11.

The Supreme Court has also approved a variant of the categorical approach, labeled the "modified categorical approach," for use when a prior conviction is for violating a so-called "divisible statute." <u>Id.</u> That kind of statute sets out one or more elements of the offense in the alternative. <u>Id.</u> If one alternative matches an element in the generic offense, but another does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, known as <u>Shepard</u> documents,[6] to determine which alternative formed the basis of the defendant's prior conviction. <u>Id.</u> The modified categorical approach then permits the court to "do what the categorical approach demands: [analyze] the elements of the crime of conviction...." <u>Id.</u>

---

[6] In <u>Shepard v. United States</u>, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the Supreme Court held that a sentencing court could examine only a limited category of documents in determining whether a prior guilty plea constituted a "burglary," and thus a "violent felony," under the Armed Career Criminal Act ("ACCA"). <u>See id.</u> at 16, 125 S.Ct. 1254.

However, the modified categorical approach does not apply when the crime of which the defendant was convicted has a single, indivisible set of elements.  Id. at 2282.  Thus, when a defendant is convicted of a so-called "'indivisible' statute' – *i.e.,* one not containing alternative elements — that criminalizes a broader swath of conduct than the relevant generic offense," that conviction cannot serve as a qualifying offense.  Id. at 2281-82.

In sum, when determining whether a conviction qualifies as a predicate offense, the courts can only look to the elements of the statute of conviction, whether assisted by Shepard documents or not, and not to the facts underlying the defendant's prior conviction. See Descamps, 133 S.Ct. 2283-85. In so doing, courts "must presume that the conviction 'rested upon nothing more than the least of the acts' criminalized." Moncrieffe v. Holder, 133 S.Ct. 1678, 1684 (2011)(quoting Johnson I, 559 U.S. at 137).

More recently, in Mathis v. United States, 136 S. Ct. 2243 (2016), the Supreme Court was called upon to determine whether federal courts may use the modified categorical approach to determine if a conviction qualifies as a predicate offense when a defendant is convicted under an indivisible statute that lists multiple, alternative means of satisfying one (or more) of its elements. Mathis, 136 S. Ct. at 2247-48. The Mathis Court declined to find any such exception and, in so doing, addressed how federal courts are to make the threshold determination of whether an alternatively-phrased statute sets forth alternative elements (in which case the statute would be divisible and the modified categorical approach would apply to determine which version of the statute the defendant was convicted of violating), or merely lists alternative means of satisfying one element of an indivisible statute (in which case the categorical approach would apply). Id.

16

at 2256-57.

## VI.   Discussion

The Movant argues that his conviction for conspiracy to commit Hobbs Act robbery is not "a crime of violence" post-Johnson, and therefore could not be used as a predicate offense to support his §924(c)(3) conviction. (Cv-DE#8). Hobbs Act robbery, under 18 U.S.C. §1951(a), criminalizes the conduct of a person who "in any way or degree obstructs, delays, or affects commerce ... by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section...." Id. §1951(a)(alteration added). To convict on a Hobbs Act conspiracy, the government must show that: (1) two or more people agreed to commit a Hobbs Act robbery or extortion; (2) that the defendant knew of the conspiratorial goal; and (3) that the defendant voluntarily participated in furthering that goal. See United States v. Ransfer, 749 F.3d 914, 930 (11th Cir. 2014); United States v. Verbitskaya, 406 F.3d 1324, 1335 (11th Cir. 2005)(quoting United States v. Pringle, 350 F.3d 1172, 1176 (11th Cir. 2003). The Hobbs Act, defines "robbery" as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession....

18 U.S.C. §1951(b)(1) (emphasis added).

The Movant argues that Johnson is applicable to §924(c)'s

residual clause. Because his conspiracy to commit Hobbs Act robbery conviction is not a "crime of violence," movant claims his §924(c) conviction cannot stand.

Although there is a split amongst the Circuits with regard to whether §924(c)(3)(B) is unconstitutionally void-for-vagueness post-<u>Johnson</u>, the Eleventh Circuit has recently agreed with decisions from the Second,[7] Sixth,[8] and Eighth[9] Circuits, "holding that <u>Johnson</u>'s void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force' clause in §924(c)(3)(B)." <u>See</u> <u>Ovalles v. Tavarez-Alvarez</u>, 2017 WL 2972460 (11th Cir. July 11, 2017). In so ruling, the Eleventh Circuit observed that the "ACCA identifies 'previous convictions' for the purpose of applying a recidivist sentencing enhancement to a defendant felon who later possesses a firearm in violation of 18 U.S.C. §922(g)," while "§924(c) creates a new and distinct offense for a person who, 'during and in relation to any crime of violence or drug trafficking crime, ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of such crime, possesses a firearm.'" <u>Id.</u> (quoting §924(c)(1)(A).

The Eleventh Circuit determined that §924(c) "is not concerned with recidivism, but rather with whether the instant firearm was used 'during and in relation to' the predicate crime of violence (or drug trafficking offense) or possessed in furtherance of such predicate offenses. <u>See</u> <u>id.</u> §924(c)(1)(A)(ii)- (iii). Thus, the Eleventh Circuit concluded that the "'nexus' between the §924(c)

---

[7] <u>United States v. Hill</u>, 832 F.3d 135, 145-49 (2d Cir. 2016).

[8] <u>United States v. Taylor</u>, 814 F.3d 340, 375-79 (6th Cir. 2016).

[9] <u>United States v. Prickett</u>, 839 F.3d 697, 699-700 (8th Cir. 2016).

firearm offense and the predicate crime of violence makes the crime of violence determination more precise and more predictable." Id.

The Eleventh Circuit further found that "§924(c)(3)(B) is not plagued by the same contradictory and opaque indications as the ACCA's residual clause on 'how much risk' is necessary to satisfy the statute, because the phrase 'substantial risk' is not preceded by a 'confusing list of examples.'" Ovalles v. United States, supra. Since Movant's challenge to his §924(c) conviction is now foreclosed by binding Eleventh Circuit precedent, this claim warrants no federal habeas corpus relief.

Movant suggests that Johnson extends to his §924(c) conviction because §924(c)'s "residual clause" is almost identical to the ACCA's "residual clause." However, the Movant's argument fails on the merits. The Eleventh Circuit recently commented that "neither the Supreme Court nor this Court has concluded that conspiracy to commit Hobbs Act robbery cannot categorically qualify as a crime of violence under the use-of-force clause." United States v. Langston, 662 Fed.Appx. 787, 794 (11th Cir. 2016) (unpublished) (quoting In re Pinder, 824 F.3d 977, 979 & n.1 (11th Cir. 2016). But the Eleventh Circuit clearly found that a substantive Hobbs Act robbery offense does, in fact, qualify as a crime of violence under the use-of-force clause post-Johnson. See United States v. Langston, 662 Fed.Appx. at 794 (citations omitted) (unpublished). Thus, "any analysis of Johnson's applicability must therefore be postponed unless and until the Court makes the determination the companion convictions [i.e., conspiracy to commit Hobbs Act robbery] are not crimes of violence under section 924(c)'s use-of-force clause." Morton v. United States, 2017 WL 1041568 (S.D. Fla. Mar. 2, 2017), (appeal filed, 11th Cir. May 2, 2017)(citing United States v. Albertini, 472 U.S. 675, 680 (1985)(stating courts must generally

exercise judicial restraint and construe statutes in order to avoid constitutional questions)). Therefore, the Movant here is entitled to no relief on the merits.

Regardless, the Movant's §924(c) conviction was predicated on his conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §1951(a). Under that statute, robbery "has as an element the use, attempted use, or threatened use of force against the person or property of another." 18 U.S.C. §924(c)(3)(A); see also In re Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016); United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017).

In that regard, courts within and outside this court have determined that conspiracy to commit Hobbs Act robbery qualifies as a crime of violence and thus remains a valid predicate offense for purposes of a §924(c) conviction. See Morton v. United States, 2017 WL 104158 at *6; see also States v. Turner, 501 F.3d 59, 67-8 (1st Cir. 2007) (taking into account "the great weight of authority from other circuits" and concluding that "conspiracy under the Hobbs Act constitutes a 'crime of violence' for purposes of 18 U.S.C. §924(c)"); United States v. Phan, 121 F.3d 149, 152-53 & n.7 (4th Cir. 1997) (citing United States v. Elder, 88 F.3d 127, 128-29 (2d Cir. 1996) (per curiam) (finding that conspiracy to commit Hobbs Act robbery is a felony involving substantial risk that physical force and thus can be used as a predicate offense to support a §924(c)(1) conviction)); see also United States v. Hernandez, 2017 WL 111730, at *9-11 (D. Me. Jan. 11, 2017) (concluding while Hobbs Act conspiracy is not a crime of violence under the force clause, it is a crime of violence under the residual clause, which the court held constitutional in light of the Supreme Court's Johnson decision); Hernandez v. United States, 2016 WL 7250676, at *3-4 (S.D. Cal. Nov. 7, 2016) (denying the defendant's §2255 motion and

finding that "conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under §924(c)(3)(B)"); <u>United States v. Williams</u>, 179 F. Supp. 3d 141, 154-55 (D. Me. 2016) (quoting 18 U.S.C. §1951(a))("[T]he Hobbs Act itself includes a conspiracy as an element ... Under the statute, interference with commerce by robbery is not a distinct offense from conspiracy to interfere with commerce by robbery. Therefore, the categorical analysis does not differ with respect to a charge of Hobbs Act robbery or a charge of conspiracy to commit a Hobbs Act robbery.").

Thus, the Movant's conspiracy to commit Hobbs Act robbery constitutes a crime of violence and was properly used to support his §924(c) conviction.[10] Consequently, this §2255 motion fails on the merits and the Movant is not entitled to post-<u>Johnson</u> relief. Given the foregoing, the Movant cannot demonstrate actual prejudice arising from any constitutional errors alleged herein in order to excuse or otherwise overcome the procedural default doctrine. <u>See generally</u> <u>Bousley</u>, 523 U.S. at 622; <u>see, e.g.</u>, <u>Chasse v. United States</u>, 2016 WL 4926154 (D. New Hampshire Sept. 15, 2016) (the two convictions underlying the movant's Section 924(c) convictions, federal bank robbery and pharmacy robbery, both qualify as crimes of violence under Section 924(c)'s use of force clause, therefore, he cannot establish prejudice to excuse his procedural default even if <u>Johnson</u> renders Section 924(c)'s residual clause unconstitutional). His contention that he is "actually innocent" is

---

[10] <u>But see</u> <u>United States v. Baires-Reyes</u>, 191 F. Supp. 3d 1046, 1049-51 (N.D. Cal. 2016) (finding that the force clause does not apply in an analysis of whether conspiracy to commit Hobbs Act robbery is a crime of violence because the elements of the conspiracy do not require "actual, attempted, or threatened physical force" and §924(c)'s residual clause is unconstitutional under the Ninth Circuit's decision in <u>Dimaya v. Lynch</u>, 803 F.3d 1110, 1117 (9th Cir. 2015), <u>appeal docketed</u>, 85 U.S.L.W. 3114 (U.S. Sept. 29, 2016) (No. 15-1498)); <u>Benitez v. United States</u>, 2017 WL 2271504 (S.D. Fla. Apr. 6, 2017)(granting §2255 motion, finding conspiracy to commit Hobbs Act robbery is not a predicate violent felony under §924(c)'s residual or use-of-force clauses).

thus conclusively refuted by the record. See <u>Blackledge</u>, 431 U.S. at 74.

The Movant is reminded that he may not raise for the first time in objections to the undersigned's Report any new arguments or affidavits to support these claims. <u>Daniel v. Chase Bank USA, N.A.</u>, 650 F.Supp.2d 1275, 1278 (N.D. Ga. 2009)(citing <u>Williams v. McNeil</u>, 557 F.3d 1287 (11th Cir. 2009). To the extent the Movant attempts to do so, the court should exercise its discretion and decline to consider the argument. <u>See</u> <u>Daniel</u>, <u>supra</u>; <u>see also</u> <u>Starks v. United States</u>, 2010 WL 4192875 at *3 (S.D. Fla. 2010); <u>United States v. Cadieux</u>, 324 F.Supp. 2d 168 (D.Me. 2004). This is so because "[P]arties must take before the magistrate, 'not only their best shot but all of the shots.'" <u>See</u> <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987)(quoting <u>Singh v. Superintending Sch. Comm.</u>, 593 F.Supp. 1315, 1318 (D.Me. 1984)).

For the foregoing reasons, the Movant's §2255 motion fails on the merits because his <u>Johnson</u> claim is unmeritorious.

## VII.  <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and that if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)."  Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." <u>Id.</u>  Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule

11(b), Habeas Rules.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where a §2255 movant's constitutional claims have been adjudicated and denied on the merits by the district court, the movant must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Having determined that Movant is not entitled to relief on the merits, the Court considers whether Movant is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in the instant motion. After reviewing the issues presented in light of the applicable standard, the Court concludes that reasonable jurists would not find the Court's treatment of Movant's claim debatable and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is not warranted. See Miller-El, 537 U.S. at 336-38; Slack, 529 U.S. at 483-84.

## VIII. Conclusion

Based on the foregoing, it is recommended that this motion to vacate be DENIED on the merits, that no certificate of appealability issue, and the case be closed.

Objections to this report may be filed with the District Judge within fourteen (14) days of receipt of a copy of the report.

23

Signed this 3rd day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE


Cc:  Ian McDonald, Assistant Federal Public Defender
     Attorney for the Movant
     Federal Public Defender's Office
     150 W. Flagler Street, Suite 1700
     Miami, FL 33130
     Email: ian_mcdonald@fd.org

     Jodi Anton, Assistant United States Attorney
     500 E. Broward Boulevard, Suite 700
     Fort Lauderdale, FL 33139
     Email: Jodi.Anton@usdoj.gov