**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-61651-CIV-GAYLES/WHITE**

EDWIN SLYVAIN,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 9]. Movant Edwin Slyvian ("Movant") filed a motion to vacate pursuant to 28 U.S.C. § 2255 attacking the constitutionality of his conviction and sentence entered following a guilty plea (the "Motion") [ECF No. 1]. The matter was referred to Judge White, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 3].

### BACKGROUND

On February 3, 2016, Movant was adjudicated guilty, following a guilty plea, of: one count of Conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count 1); one count of attempted Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 4); five counts of Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts 2, 6, 8, 12, 14); one count of Use of a Firearm in relation to a crime of violence in violation of 18 U.S.C. 924(c)(1)(A) and 18 U.S.C. § 924(c)(1)(A)(iii) (Count 5); one count of Kidnapping in violation of

18 U.S.C. § 1201 (Count 9); and one count of Carjacking in violation of 18 U.S.C. § 2119(1) (Count 10). Movant's § 924(c) conviction (Count 5) was predicated on his conviction for attempted Hobbs Act robbery as set forth in Count 4 of the indictment. Movant was sentenced to a total term of imprisonment of 408 months, consisting of 288 months of imprisonment as to counts 1, 2, 4, 6, 8, 9, 10, 12, and 14, all running concurrent to each other, and 120 months of imprisonment as to count 5, to run consecutively to the terms of imprisonment imposed in the other counts.

On July 12, 2016, Movant, proceeding *pro se*, filed a motion to vacate, arguing that his Hobbs Act robbery and conspiracy convictions are not crimes of violence under § 924(c) in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Judge White appointed counsel for Movant and set a briefing schedule. In his additional briefing, Movant argued that he was actually innocent of his conviction under Count 5 because it was not predicated on a crime of violence under either the "use-of-force" clause of § 924(c)(3)(A) or the "risk-of-force" clause of § 924(c)(3)(B). On August 3, 2017, Judge White issued his Report recommending that the Court deny the Motion [ECF No. 9].[1] Movant has timely objected to the Report [ECF No. 11].

## DISCUSSION

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters,*

---

[1] The Report only addresses whether conspiracy to commit Hobbs Act robbery is a crime of violence under § 924(c). The Court notes that Movant's conviction for use of a firearm in relation to a crime of violence (Count V), as set forth in the indictment, was predicated on attempted Hobbs Act robbery (Count IV). Nevertheless, the Court addresses the Report and Movant's arguments relating to Hobbs Act robbery, attempted Hobbs Act robbery, and conspiracy to commit Hobbs Act robbery.

*L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). This Court has conducted a *de novo* review of the record and agrees with Judge White's recommendation that the Motion must be denied on the merits.

### **The "Risk of Force" Clause is not Void for Vagueness**

In his objections, Movant argues that, despite the Eleventh Circuit's holding in *Ovalles v. United States,* 861 F.3d 1257 (11th Cir. 2017), the Court should find that his conviction under § 924(c) was defective in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Ovalles*, the Eleventh Circuit held that "Johnson's void-for-vagueness ruling does not apply or invalidate the 'risk-of-force' clause in § 924(c)(3)(B)." 861 F.3d at 1265. Movant asks the Court to refrain from relying on *Ovalles* in light of the Eleventh Circuit's *sua sponte* withholding of the mandate and the Supreme Court's imminent decision in *Sessions v. Dimaya* (U.S. No. 15-1498). The Court disagrees. *Ovalles* is the law in this circuit and this Court is bound by it unless the Eleventh Circuit or the Supreme Court hold differently. *See Martin v. Singletary*, 965 F.2d 944, 945 n. 1 (11th Cir. 1992) (even where a mandate has not issued, an order issued by the Eleventh Circuit "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by this court sitting en banc."). Indeed, the Eleventh Circuit relied on its ruling in *Ovalles* in several subsequent decisions finding that *Johnson* does not apply to § 924(c)(3)(B). *See Council v. United States*, No. 17-12146, 2017 WL 5988450, at *1 (11th Cir. Dec. 4, 2017) (citing *Ovalles* with approval); *United States v. Davis*, No. 16-11477, 2017 WL 4410894, at *5 (11th Cir. Oct. 4, 2017) ("Our decision in *Ovalles* forecloses Davis's argument that § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson.*"); *Mobley v. United States*, 697 Fed. App'x 646, 647

(11th Cir. 2017) ("Here, Mobley's claim is foreclosed by *Ovalles*, which concluded that *Johnson* does not apply to § 924(c)(3)(B).").

**<u>Movant's Conviction was Predicated on a Crime of Violence</u>**

Movant also argues even if § 924(c)(3)(B) is not vague, his underlying conviction does not constitute a crime of violence under either § 924(c)(3)'s "use-of-force" or "risk-of-force" clauses. The Court disagrees.

*Hobbs Act Robbery*

As set forth by the Eleventh Circuit in *In re Saint Fleur*, a conviction for substantive Hobbs Act robbery "clearly qualified as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)." *In re Saint Fleur,* 824 F.3d 1337, 1341 (11th Cir. 2016); *see also Davis*, No. 16-11477, 2017 WL 4410894 at *5 ("Davis's Hobbs Act robberies still qualify as crimes of violence under § 924(c)(3)(A)'s use-of-force clause.").

*Attempted Hobbs Act Robbery & Conspiracy to Commit Hobbs Act Robbery*

The law is not settled in the Eleventh Circuit as to whether attempted Hobbs Act robbery or conspiracy to commit Hobbs Act robbery qualify as a crimes of violence under the use-of-force clause. *See In re James*, 2016 WL 4608125, at *3 (11th Cir., July 21, 2016) ("It is unclear whether James's attempted Hobbs Act robbery conviction involved the use, attempted use, or threatened use of physical force."); *In re Pinder,* 824 F.3d 977 n. 1 (11th Cir. 2016) (noting that the Eleventh Circuit has not affirmatively decided whether conspiracy to commit Hobbs Act robbery is a crime of violence); *Benitez v. United States*, No. 16-cv-23974, 2017 WL 2271504, at *4 (citing decisions finding that conspiracy to commit Hobbs Act robbery does not meet § 924(c)(3)(A)'s criteria).

However, several courts have found that attempted Hobbs Act robbery and/or conspiracy to commit Hobbs Act robbery are crimes of violence under the risk-of-force clause. *See Morton v. United States*, No. 16-22522-CIV-Altonaga, 2017 WL 1041568, at *6 (S.D. Fla. Mar. 2, 2017) (holding that under the risk-of-force clause "both attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery qualify as crimes of violence and Morton's section 924(c) conviction remains valid."); *see also States v. Turner*, 501 F.3d 59, 68 (1st Cir. 2007) ("conspiracy under the Hobbs Act constitutes a 'crime of violence' for purposes of 18 U.S.C. § 924(c)"). Although it did not address the issue *de novo,* in *Mobley*, the Eleventh Circuit found no plain error in the district court's finding that conspiracy to commit Hobbs Act robbery falls under the definition of § 924(c)(3)(B). *Mobley,* 697 Fed. App'x at 647 n. 1 ("Mobley has not pointed to any precedent from either court that holds that conspiracy to commit Hobbs Act robbery does not fall under the definition set forth in § 924(c)(3)(B) and thus we reject his argument.").

Accordingly, the Court finds that Movant's Hobbs Act robbery convictions qualify as a crimes of violence under both the use of force and risk of force clauses and that Movant's conspiracy to commit and attempted Hobbs Act robbery convictions qualify as crimes of violence under the risk of force clause. Therefore, the Motion must be denied on the merits.

## Certificate of Appealability

The Court does not find that a certificate of appealability is warranted on the issue of whether § 924(c)(3)(B) is void post-*Johnson,* as *Ovalles* is binding on this Court. *See Hamilton v. Sec'y Fla. Dep't of Corr.*, 793 F.3d 1261, 1266 (11th Cir. 2015) ("[N]o COA should issue where the claim is foreclosed by binding circuit precedent because reasonable jurists will follow controlling law.") (internal citations and quotations omitted). However, the Court does

find that a certificate of appealability should issue on the limited issue of whether attempted Hobbs Act robbery – the predicate offense for Movant's § 924 conviction, qualifies as a crime of violence under either the "use of force" or "risk of force" provisions. The law in the Eleventh Circuit is unclear on this issue and, therefore, "reasonable jurists" could find this Court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is therefore,

**ORDERED AND ADJUDGED** as follows:

(1) Judge White's Report and Recommendation [ECF No. 9] is **AFFIRMED AND ADOPTED**;

(2) the Motion [ECF No. 1] is **DENIED**;

(3) a certificate of appealability shall issue; and

(4) this case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of December, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE